# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BERNARD JONES, ALCOHOL AND DRUG COUNSELING SERVICES, LLC, and HEALING CIRCLE RECOVERY COMMUNITY, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 4:09CV3264 |
| v. | ) ) | ORDER |
| DR. RICK McNEESE, Nebraska Department of Correctional Services, Assistant Administrator of Behavioral Health - Substance Abuse, Individually, | ) ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiffs' Motion to Compel (Filing No. 35). The plaintiffs filed a brief (Filing No. 38), a declaration[1] (Filing No. 37), and an index of evidence (Filing No. 36) in support of the motion. The defendant filed a brief (Filing No. 41) and an index of evidence (Filing No. 42) in opposition to the motion. The plaintiffs filed a brief (Filing No. 43) in reply. Also before the court is the Motion of Nonparty Nebraska Department of Correctional Services to Quash Subpoena Duces Tecum (Filing No. 39). The Nebraska Department of Correctional Services (DCS) filed a brief (Filing No. 40) in support of the motion. The plaintiffs' response to the motion is contained in their reply brief (Filing No. 43) filed in support of their motion to compel.

## BACKGROUND

The plaintiff Bernard Jones (Jones) is a licensed alcohol and drug counselor and the primary owner of Alcohol and Drug Counseling Services, LLC, and Healing Circle

---

[1] The docket sheet in this case reflects the plaintiffs' apparent intention to file a declaration in support of their motion to compel. **See** Filing No. 37 - Brief. Instead, the plaintiffs inadvertently filed their brief twice. **See** Filing Nos. 37 and 38. The defendant has not refuted the plaintiffs' assertion that the parties attempted to resolve the issues before seeking the court's intervention. Therefore, the court finds the plaintiffs have made an adequate showing pursuant to NECivR 7.0.1(i) to allow the court to consider the plaintiffs' motion.

Recovery, Inc. **See** Filing No. 1 - Complaint ¶¶ 4-6. From 1991 until 2007 Jones was employed in that capacity by DCS. *Id.* ¶ 8. He was also employed as a part-time substance abuse counselor by the defendant, Dr. Rick McNeese (McNeese). *Id.* In 2005, McNeese, took a position with DCS as the Administrator of Behavioral Health - Substance Abuse. **See** Filing No. 42, Ex. 1 - McNeese Aff. ¶ 2. The plaintiffs allege that while McNeese would not allow Jones to develop his own private counseling program during Jones's employment with DCS, McNeese continued to provide substance abuse counseling through his own private practice and allowed other DCS employees, who were not of color, to perform outside counseling services. **See** Filing No. 1 - Complaint ¶¶ 10, 14. After leaving DCS in 2007, Jones began receiving vouchers for providing substance abuse counseling services to inmates at DCS. *Id.* ¶ 16. The plaintiffs allege McNeese informed Jones, as well as persons in probation, parole and community corrections, that Jones and his businesses would no longer be eligible for the voucher program pending an investigation of his behavior and various other concerns. *Id.* ¶¶ 17-18. The plaintiffs allege McNeese treated Jones differently from other current and former employees of DCS based on his race. *Id.* ¶¶ 23, 29, 32. The plaintiffs filed this action for injunctive and monetary relief against the defendant. The plaintiffs allege discrimination on the basis of race pursuant to 42 U.S.C. § 1981 and for violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.

The parties' current disputes relate to discovery sought by the plaintiffs. On June 17, 2010, the plaintiffs served the defendant with interrogatories and requests for production of documents. **See** Filing No. 25 - Certificate of Service. On July 14, 2010, the defendant served his answers to the plaintiffs' interrogatories and requests for production of documents, raising objections to certain requests. **See** Filing No. 29; Filing No. 36, Attach. 4, Defendant's Answers to Plaintiff's Interrogatories and Requests for Production of Documents

On August 12, 2010, the plaintiffs served the defendant with notice of their intent to serve a subpoena duces tecum on nonparty DCS seeking the production of certain documents. **See** Filing No. 30 - Notice of Intent to Serve Subpoena Duces Tecum. The defendant served his objections to the issuance of the subpoena on August 17, 2010. **See**

Filing No. 31 - Objections to Subpoena Duces Tecum. The parties then filed a Stipulation on Subpoena Duces Tecum (Filing No. 33) in which they agreed to the plaintiffs' issuance of a subpoena duces tecum on DCS for production of certain documents. DCS filed a motion to quash on the same day the subpoena duces tecum was served. **See** Filing No. 39 - Motion to Quash.

## ANALYSIS

Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence. **See** Fed. R. Civ. P. 26(b)(1). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Discovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action. **See** *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 86 (D. D.C. 2005). The proponent of discovery must make a threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. **See** *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972).

Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation

omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. **St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.**, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. *Id.* "The party resisting discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." *Id.* (citations omitted). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. **See Wagner v. Dryvit Sys., Inc.**, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. **See** *id.* The District Court has discretion to limit the scope of discovery if it has a good reason to do so. **Credit Lyonnais v. SGC Int'l, Inc.**, 160 F.3d 428, 431 (8th Cir. 1998).

### A.    Motion to Compel

The plaintiffs filed their motion to compel after an unsuccessful attempt to resolve the discovery disputes with the defendant. **See** Filing No. 35 - Motion to Compel p. 2; Filing No. 38 - Brief p. 2. The plaintiffs seek an order from the court compelling the defendant to answer interrogatories and produce the requested documents without objection, and awarding the plaintiffs reasonable attorney fees incurred in bringing the motion. **See** Filing No. 35 - Motion to Compel p. 2.

1.    Interrogatory Nos. 1, 5, 6, and 8

Interrogatory No. 1 seeks the "names of any corporation, and/or other business entity that Defendant, Rick McNeese **or his spouse**, has held a share, or any financial interest in from 1999 to the present" as well as the ownership amount or interest held by the defendant. **See** Filing No. 36, Attach. 1. Interrogatory No. 5 seeks "any information

about bids, potential contracts, and contracts issued as a sole source provider for First Step Recover [sic] Center, Inc. or any of the corporations or entities listed in Interrogatory No. 1." *Id.*  Interrogatory No. 6 seeks the "name of any State employees or persons under the supervision of Defendant Rick McNeese while he was the Assistant Administrator of Behavior Health for the Department of Corrections that served on the board of directors or in another advisory capacity for any Mental Health company including First Step Recovery Center, Inc." *Id.*  Interrogatory No. 8 seeks a "complete list of all current or prior contracts between the Department of Corrections and any of the business or entities listed in response to Interrogatory No. 1, including First Step" as well as the date, duration and amount of the contract, and "a brief summary detailing the services provided and method of compensation." *Id.*[2]

The defendant argues Interrogatory Nos. 1, 5, 6, and 8 are not within the scope of Fed. R. Civ. P. 26(b)(1), because they could not reasonably lead to admissible evidence with respect to any of the plaintiffs' claims. **See** Filing No. 41 - Response.  Additionally, the defendant argues the interrogatories are overbroad and unduly burdensome.  *Id.*

The plaintiffs make "a threshold showing of relevance" sufficient to entitle them to the information sought with respect to the defendant and First Step Recovery Center, Inc. ***See** Hofer*, 981 F.2d at 380.  However, the plaintiffs fail to show the potential relevance of the financial interests held by the defendant's spouse.  Therefore, the defendant will not be compelled to respond to Interrogatory No. 1 with respect to any interest held by his spouse.  With that exception noted, the defendant fails to show that the interrogatories are either overbroad or unduly burdensome.  While the plaintiffs' discovery requests encompass a larger time period than that during which the defendant served as an Administrator at DCS, the plaintiffs are entitled to make such inquiry.  Also the defendant fails to show the requests place an undue burden on him.

---

[2] The plaintiffs' eighth interrogatory was misnumbered as Interrogatory No. 7.  In their motions and briefs, the parties correctly refer to the plaintiffs' eighth interrogatory as No. 8.

2.   Interrogatory No. 4

Interrogatory No. 4 seeks "any information known by the Defendant that you contend would reflect on the Plaintiff's[3] credibility."  **See** Filing No. 36, Attach. 1.  The defendant objects on the basis the interrogatory requests "privileged trial preparation materials that are protected by the attorney work product doctrine."  **See** Filing No. 41 - Response p. 5.  The defendant has met his burden of showing the answer sought by the plaintiffs, with regard to information as to Jones's credibility, is privileged.  The plaintiffs have failed to show why the information sought should not be granted such privilege or falls outside the attorney work product doctrine or attorney-client privilege.  For these reasons, the plaintiffs' motion to compel an answer to Interrogatory No. 4 is denied.

3.   Request for Production Nos. 3, 4, 5, and 6

Request for Production No. 3 seeks "[c]omplete tax returns with all schedules of Defendant, Rick McNeese for years 2000 - 2010."  **See** Filing No. 36, Attach. 2.  Similarly, Request for Production No. 4 seeks "[c]omplete tax returns with schedules for any entity which Defendant has an ownership and/or pecuniary interest from 2000 - 2010."  *Id.*  Request for Production No. 5 seeks "[a]ll documents provided to the state auditor regarding the psychological services contract in the fall of 2009."  *Id.*  Request for Production No. 6 seeks "[c]omplete copies of any contracts with the State of Nebraska entered into by Defendant, McNeese and/or any entity in which in which he has an ownership or pecuniary interest."  *Id.*

The defendant argues the document production requests are not within the scope of Fed. R. Civ. P. 26(b)(1), because they could not reasonably lead to admissible evidence with respect to any of the plaintiffs' claims.  **See** Filing No. Filing No. 36, Attach. 4 - Defendant's Answers to Document Requests.  Additionally, the defendant argues the document requests are overbroad and unduly burdensome.  *Id.*

---

[3] The court assumes that the interrogatory refers only to the credibility of the individual plaintiff, Jones, and not to the corporate plaintiffs.  The court notes that it is unclear from the complaint and the filings in this matter whether there are multiple plaintiffs in this case.

6

The plaintiffs meet their threshold burden of showing the requested discovery reasonably bears upon the issues in the case.  **See** *Hofer*, 981 F.2d at 380.  While the plaintiffs seek tax returns for several years preceding the defendant's tenure at DCS, the court disagrees with the defendant's characterization of the request as overbroad and unduly burdensome.  In light of the plaintiffs' allegations in the complaint, evidence of change in the defendant's income, or that of the entities in which he had an ownership interest, may be relevant to plaintiffs' claims.  Furthermore, the defendant has not shown production of any of the requested documents would place an undue burden on the defendant.  The defendant fails to sustain his burden justifying his objections based on overbreadth and undue burden. Accordingly, defendant's objections are overruled and the plaintiffs' motion to compel is granted with respect to the corresponding requests.

4.     Sanctions

With regard to motions to compel discovery responses, under Federal Rule of Civil Procedure 37(a)(5)(C):  "If the motion is granted in part and denied in part, the court . . . may, after affording an opportunity to be heard, apportion the reasonable expenses for the motion." The Advisory Committee Notes to the 1970 Amendments to Rule 37 indicate that, on many occasions, "the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court.  In such cases, the losing party is substantially justified in carrying the matter to court."  **See** Fed. R. Civ. P. 37(a)(4) Advisory Committee Notes (1970).  "[T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists."  *Id.*

Although based on the defendant's conduct, the plaintiffs filed a motion to compel, the court finds the defendant's initial responses to discovery were, in part, substantially justified.  The court granted the plaintiffs' motion to compel only in part and found the defendant's objections and responses to certain discovery to be sufficient.  Under the circumstances, the court finds the imposition of sanctions are not warranted and will not assess sanctions against either party with regard to the plaintiffs' motion to compel.

### B. Motion to Quash

On August 31, 2010, the plaintiffs and the defendant reached an agreement with respect to the plaintiffs' subpoena duces tecum to be issued on DCS. Filing No. 36, Attach. 7 - Stipulation on Subpoena Duces Tecum. The plaintiffs seek production of the complete personnel files for Jones and McNeese, as well as "copies of all documents related to requests for outside employee working in Behavioral Health and Substance Abuse Services from 2003 - present." *Id.* On September 2, 2010, DCS filed a motion to quash the subpoena duces tecum. Filing No. 39 - Motion to Quash. DCS initially objects because it was not given a reasonable amount of time to produce the requested documents and further argues the requests are unduly burdensome and require disclosure of privileged or other protected matter. *Id.*; Filing No. 40 - Brief.

In response the motion to quash, the plaintiffs state DCS allowed plaintiffs' counsel to "view and flag the relevant documents in the personnel file." **See** Filing No. 43 - Reply p. 6. Further, the plaintiffs state they will seek the information about DCS employees who sought outside employment directly from the defendant, rather than DCS, in deference to DCS's claim that review of the personnel records is unduly burdensome. *Id.* Based on the plaintiffs' representation and no contradiction from DCS, the court will deny the motion to quash. Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' Motion to Compel (Filing No. 35) is granted in part, and denied in part.

    a. The defendant shall respond to Interrogatory Nos. 1, 5, 6, and 8, with the exception of information pertaining to the interests of the defendant's spouse **on or before October 21, 2010.**

    b. The defendant shall produce documents in response to Request for Production Nos. 3, 4, 5, and 6, **on or before October 21, 2010.**

2. The Motion of Nonparty Nebraska Department of Correctional Services to Quash Subpoena Duces Tecum (Filing No. 39) is denied.

## ADMONITION

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 13th day of October, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.