IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BERNARD JONES, ALCOHOL AND DRUG COUNSELING SERVICES, LLC, and HEALING CIRCLE RECOVERY COMMUNITY, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DR. RICK McNEESE, Nebraska Department of Correctional Services, Assistant Administrator of Behavioral Health-Substance Abuse, Individually,<br><br>    Defendant. | 4:09CV3264<br><br><br>MEMORANDUM AND ORDER |

This matter is before the court on the defendant's motion for summary judgment, Filing No. 57. This is an action for discrimination in employment under 42 U.S.C. § 1981 and 1983. Jones, formerly an employee of the Corrections Department, alleges he was discriminated against in connection with the discontinuation of vouchers to the plaintiff and the companies he owns, Alcohol and Drug Counseling Services, LLC ("ADCS") and Healing Circle Recovery Community, Inc. ("HCRC") for chemical dependency treatment of former inmates of the Department of Corrections. The defendant moves for summary judgment asserting that plaintiff Jones has failed to establish a claim under 42 U.S.C. §§ 1981 and 1983 and further argues that plaintiffs ADCS and HCRC are not proper parties to this action. A pretrial order has already been entered in this case, narrowing the issues for trial. See Filing No. 70. The pretrial order indicates that the issue of whether ADCS and HCRC are proper parties remains for resolution by the court and the issue of liability under § 1981 is noted as a controverted fact. Id. at 3-4.

Defendant McNeese asserts that the only plaintiff in this case is Jones in his individual capacity and that Jones's businesses, ADCS and HCRC, are not parties to this case because those parties, although listed in the caption of the case, were omitted from counsel's signature line. The court finds it is clear throughout the plaintiffs' complaint that the allegations involved plaintiff Jones and the companies he owned. Furthermore, subsequent filings have had the other plaintiffs listed in the caption and have been signed by counsel on behalf by all three plaintiffs. The defendant waived any argument relating to improper service by answering the complaint, failing to raise the defense of improper service, and including all three plaintiffs in the caption of his pleading. To argue unfair surprise or an inability to formulate a defense to the corporate plaintiffs' claims is without merit.

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Id.* In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

The burden of establishing that no genuine issue of material fact exists is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Singletary v. Mo. Dep't of Corr.*, 423 F.3d 886, 890 (8th Cir. 2005) (stating that "[t]he moving party bears the burden of showing both the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law"). Therefore, if the moving

party does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational, Inc.*, 825 F.2d 167, 173 (8th Cir. 1987). Once the moving party has met its burden, the nonmoving party may not rest on the allegations of his pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *Singletary*, 423 F.3d at 890. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

There is no "discrimination case exception" to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial. *Torgerson v. City of Rochester*, No. 09-1131, slip op. at 14 (8th Cir. June 1, 2011) (*en banc*) (quoting *Fercello v. County of Ramsey*, 612 F.3d 1069, 1077 (8th Cir. 2010). Nevertheless, "[a]t the summary judgment stage, the court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986). The court's function is to determine whether a dispute about a material fact is genuine, that is, whether a reasonable jury could return a verdict for the nonmoving party based on the evidence. *Id.* at 248. To be material, a fact "must affect the outcome of the lawsuit under governing law." *Id.* "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's favor]." *Id.* at 255. "If reasonable minds could differ as to the import of the evidence," summary judgment is inappropriate. *Id.* at 250. In a discrimination case, when the record on summary judgment is fully developed, the "court need only decide whether, on the record as a whole, there is a genuine issue for trial

3

on the ultimate question of discrimination *vel non*." *Torgerson*, slip op. at 32 (Colloton, J., concurring).

Viewing the evidence in the light most favorable to the plaintiff, the court finds the defendant is not entitled to summary judgment on the plaintiffs' race discrimination claims. The evidence does not support a finding that the defendant is entitled to judgment as a matter of law. The court has reviewed the evidence submitted by the parties and finds that a reasonable juror could draw an inference of discrimination from the defendant's actions, if credited. This determination is a fact issue that should be submitted to a jury.

The court's review of the documents submitted in support of and opposition to the defendant's motion show that there are genuine issues of material fact with respect to the elements of the plaintiffs' claims. Resolution of the issues will require assessments of credibility. Further, for the reasons stated in this court's Memorandum and Order on the defendant's motion to dismiss, the court finds the defendant is not entitled to summary judgment on the basis of qualified immunity. Accordingly, the court finds the defendant's motion for summary judgment should be denied.

IT IS ORDERED that the defendant's motion for summary judgment (Filing No. 57) is denied.

DATED this 6th day of June, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Court Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.